# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

REGINALD HIGGINS, SR.,  Civil Action No. 1:09-cv-228
Plaintiff,  Dlott, J.
 Hogan, M.J.

vs.

VITRAN EXPRESS, et al.,  **REPORT AND**
Defendants  **RECOMMENDATION**

Plaintiff Reginald Higgins, Sr. brings this pro se employment discrimination action against defendants Vitran Express and Parker Hannifin Corporation alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter is before the Court on defendant Parker Hannifin's motion to dismiss (Doc. 16), plaintiff's memorandum in opposition (Doc. 26), and defendant's reply memorandum. (Doc. 28).

Plaintiff is a truck driver for defendant Vitran Express. His complaint identifies defendant Parker Hannifin as a "customer" of Vitran Express. The complaint alleges the following facts:

> On March 17, 2008, I were (sic) touched inappropriately at Parker Hannifin, Inc. The material handler that works in the shipping dept., pinched my tricep (sic) while I were (sic) adjusting freight on the trailer. He did this while other co-workers looked on, and he had no concern of losing his position, nor his job. After informing my chain of command, and his supervisor, I were (sic) dispatched to this customer for an additional seven weeks, two weeks of torment, and just uncomfortable situations for the remaining weeks.

(Doc. 3 at 2-3).

Defendant Parker Hannifin seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and based on plaintiff's alleged failure to exhaust his administrative remedies against Parker Hannifin. For the reasons

that follow, defendant Parker Hannifin's motion to dismiss is well-taken and should be granted.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Defendant Parker Hannifin contends the complaint fails to state a claim for relief against it because Parker Hannifin is not and never was plaintiff's employer and has no employment relationship with plaintiff for purposes of a Title VII discrimination claim. Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). For purposes of Title VII, an "employer" is

2

defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). While direct employment relationships provide the usual basis for liability under Title VII, there are situations where two entities are so interrelated that they may be deemed a common employer for Title VII. *See Swallows v. Barnes & Noble Book Stores,* 128 F.3d 990, 993 (6th Cir. 1997). In the instant case, however, plaintiff fails to allege facts showing Parker Hannifin was an "employer" for purposes of his Title VII discrimination claim.

Plaintiff's complaint alleges that defendant Parker Hannifin is a "customer" of Vitran Express to whom plaintiff made deliveries. In his response in opposition to the motion to dismiss, plaintiff does not dispute defendant's contention that Parker Hannifin was not his employer. Rather, plaintiff reiterates that Parker Hannifin was "a customer under a contractual agreement with Vitran Express, Inc., to pick-up and delivers their product to their customers." (Doc. 26 at 1). Plaintiff's EEOC intake questionnaire likewise identifies Parker Hannifin as the "customer of employer" Vitran Express. (Doc. 26, attachment). Plaintiff has alleged no specific facts showing that he was employed by or had a contract for employment with Parker Hannifin; that Parker Hannifin and Vitran Express are so interrelated such that both may be considered a single or joint employer, *Swallows,* 128 F.3d at 993-94; or that Parker Hannifin interfered with or affected plaintiff's access to employment opportunities with third parties. *See Christopher v. Stouder Memorial Hospital,* 936 F.2d 870, 874-77 (6th Cir. 1991); *cf. Shah v. Deaconess Hospital,* 355 F.3d 496, 499-500 (6th Cir. 2004). Plaintiff has failed to plead any facts showing the existence of an employer-employee relationship between himself and Parker Hannifin to support his Title VII claim. *See McQueen v. Equinox International Corp.,* 36 Fed. Appx. 555,

3

556 (6th Cir. 2002); *Collier v. Austin Peay State University*, 616 F. Supp.2d 760, 770 (M.D. Tenn. 2009); *Minnis v. McDonnell Douglas Technical Services Co.*, 162 F. Supp.2d 718, 733 (E.D. Mich. 2001). In the absence of any allegations of fact showing an employer-employee relationship between plaintiff and defendant Parker Hannifin, the complaint should be dismissed against defendant Parker Hannifin.

Defendant Parker Hannifin also argues that plaintiff's complaint must be dismissed because plaintiff failed to file an EEOC charge of discrimination against Parker Hannifin and therefore has failed to exhaust his administrative remedies under Title VII.

Prior to bringing a Title VII suit in a federal district court, the aggrieved party must timely file charges of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e). *Alexander v. Local 496, Laborers' International Union of North America*, 177 F.3d 394, 407 (6th Cir. 1999), *cert. denied*, 528 U.S. 1154 (2000). Title VII authorizes the filing of a civil action "against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). "An action may not be commenced against a party not named in the EEOC charge unless there is a 'clear identity of interest' between it and the party named in the charge or it has unfairly prevented the filing of the EEOC charge." *Sibley v. Putt*, No. 1:06-cv-074, 2007 WL 2840392, at *2 (S.D. Ohio Sept. 27, 2007) (Barrett, J.) (quoting *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984)). *See also Romain v. Kurek*, 772 F.2d 281, 283 (6th Cir. 1985). "A 'clear identity of interest' implies that the named and unnamed parties are virtual alter egos." *Sibley*, 2007 WL 2840392, at *2 (quoting *Knafel v. Pepsi-Cola Bottlers, Inc.*, 899 F.2d 1473 (6th Cir. 1990)).

Here, plaintiff's charge of discrimination names Vitran Express as the only employer alleged to have discriminated against him. (Doc. 16, Exh. B). Plaintiff does not list Parker

4

Hannifin as an employer or mention Parker Hannifin in the "particulars" section of the charge. *Id.* Nor does plaintiff allege any facts which would indicate that Parker Hannifin is the virtual alter ego of Vitran Express or that Parker Hannifin unfairly prevented him from filing a charge of discrimination.

While plaintiff's EEOC Intake Questionnaire lists Parker Hannifin as a "customer of employer" who plaintiff believes discriminated against him (Doc. 26, attachment), the intake questionnaire may not be construed as a charge of discrimination against Parker Hannifin because it cannot "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Federal Express Corp. v. Holowecki*, 128 S.Ct. 1147, 1157-58 (2008). In *Holowecki*, a case brought pursuant to the Age Discrimination in Employment Act ("ADEA"), the Supreme Court held that a document filed with the EEOC may be deemed a charge of discrimination if it contains the information required by the agency's regulations, *see* 29 C.F.R. § 1626.8, and can reasonably be construed as a request by the plaintiff for the EEOC to take action to protect his rights based on the discriminatory actions alleged. *Id.* at 1157-58. The Supreme Court in *Holowecki* found that an EEOC intake questionnaire which was accompanied by a detailed affidavit supporting the contention of discrimination and asking the EEOC to "force Federal Express to end their age discrimination," *id.* at 1159-60, was a sufficiently clear request for action by the EEOC to constitute a charge of discrimination. *Id.* at 1160. While noting that the EEOC is not required to construe every intake questionnaire as a charge of discrimination, the Supreme Court acknowledged there may "be instances where the indicated discrimination is so clear or pervasive that the agency could infer from the allegations themselves that action is

requested and required. ..." *Id.* at 1159.[1]

In contrast to the intake questionnaire in *Holowecki,* the questionnaire submitted by plaintiff fails to contain all of the required the regulatory information set forth in 29 C.F.R. § 1601.12, including the address and telephone number of Parker Hannifin, the number of employees who worked for defendant Parker Hannifin, and a statement indicating plaintiff had not sought the assistance of any government agency regarding this matter. (Doc. 26, attachment). And unlike the plaintiff in *Holowecki,* plaintiff here does not allege that his intake questionnaire was accompanied by a detailed affidavit or any other document supporting his allegation of discrimination against Parker Hannifin which would support a sufficiently clear request to the EEOC to take remedial action against Parker Hannifin. Given the dearth of information in support of this claim, the Court cannot reasonably construe plaintiff's intake questionnaire as a charge of discrimination against Parker Hannifin. Thus, plaintiff's failure to file a charge of discrimination against defendant Parker Hannifin mandates the dismissal of the complaint against Parker Hannifin.

**IT IS THEREFORE RECOMMENDED THAT** defendant Parker Hannifin's motion to dismiss (Doc. 16) be **GRANTED**.

Date: 10/19/09

Timothy S. Hogan
United States Magistrate Judge

---

[1] The federal courts have consistently applied *Holowecki* in the Title VII context as well, reasoning that the exhaustion of remedies and charge requirements of Title VII parallel those of the ADEA. *See, e.g., Monnheimer v. Nielsen,* No. 1:08-cv-356, 2008 WL 5333808, at *4 (S.D. Ohio Dec. 19, 2008); *Grice v. Baltimore County, Md.,* No. JFM 07-1701, 2008 WL 4849322, at *4 (D. Md. Nov. 5, 2008); *Moore v. Angus Chemical Co.,* No. 07-415, 2008 WL 4491592, *4 (W.D. La. Oct. 1, 2008); *Taylor v. OCE Imagistics, Inc.,* No. 3:07-cv-792, 2008 WL 2148557, at *2 (E.D. Va. May 21, 2008); *Evenson v. Sprint/United Mgmt. Co.,* No. 3:08-cv-0759-D, 2008 WL 4107524, at *6 (N.D. Tex. Aug. 21, 2008).

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

REGINALD HIGGINS, SR.,
    Plaintiff,

vs.

VITRAN EXPRESS, et al.,
    Defendant

Civil Action No. 1:09-cv-228
Dlott, J.
Hogan, M.J.

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee |
| | B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Reginald D. Higgins, Sr.<br>963 Francisco St.<br>Cinti, OH 45206 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4551 |
| PS Form 3811, August 2001 | Domestic Return Receipt   102595-02-M-1540 |

1:0a cv 228 (Doc. 29)