# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| REGINALD HIGGINS, SR., <br> Plaintiff, <br><br> vs. <br><br> VITRAN EXPRESS, et al., <br> Defendants | Civil Action No. 1:09-cv-228 <br> Dlott, J. <br> Hogan, M.J. <br><br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff Reginald Higgins, Sr. brings this pro se employment discrimination action against defendants Vitran Express and Parker Hannifin Corporation alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter is before the Court on defendant Parker Hannifin's motion to dismiss plaintiff's amended complaint (Doc. 40), to which plaintiff has not responded.

On October 29, 2009, the undersigned recommended that defendant Parker Hannifin's motion to dismiss plaintiff's original complaint be granted. (Doc. 29). Plaintiff's original complaint failed to plead any facts showing the existence of an employer-employee relationship between plaintiff and Parker Hannifin to support his Title VII claim. *See McQueen v. Equinox International Corp.*, 36 Fed. Appx. 555, 556 (6th Cir. 2002); *Collier v. Austin Peay State University*, 616 F. Supp.2d 760, 770 (M.D. Tenn. 2009); *Minnis v. McDonnell Douglas Technical Services Co.*, 162 F. Supp.2d 718, 733 (E.D. Mich. 2001). In addition, plaintiff's failure to file a charge of discrimination against defendant Parker Hannifin required the dismissal of the complaint against Parker Hannifin. *See* 42 U.S.C. § 2000e-5(e); *Alexander v. Local 496, Laborers' International Union of North America*, 177 F.3d 394, 407 (6th Cir. 1999), *cert. denied*, 528 U.S. 1154 (2000).

On November 2, 2009, prior to Chief Judge Dlott's adoption of the undersigned's Report and Recommendation, plaintiff filed an amended complaint. (Doc. 33). The amended complaint, however, suffers from the same deficiencies as the original complaint as it relates to defendant Parker Hannifin.

On November 12, 2009, defendant Parker Hannifin moved for an extension of time to file an answer to plaintiff's amended complaint. (Doc. 35).

On November 18, 2009, the Report and Recommendation to dismiss plaintiff's original complaint as to defendant Parker Hannifin was adopted by Chief Judge Dlott. (Doc. 36).

Thereafter, the undersigned granted Parker Hannifin an extension of time to respond to plaintiff's amended complaint (Doc. 39) and the instant motion to dismiss the amended complaint was filed. (Doc. 40).

For the reasons set forth in the Report and Recommendation of October 19, 2009, which is incorporated herein by reference, defendant Parker Hannifin's motion to dismiss plaintiff's amended complaint should be granted.

Parker Hannifin also seeks an award of attorney fees and costs incurred in bringing the motion to dismiss the amended complaint. (Doc. 40). Parker Hannifin asserts that the amended complaint was filed in contravention of Rule 15, Fed. R. Civ. P., since plaintiff failed to obtain leave of court or permission from Parker Hannifin. Parker Hannifin also asserts that an award of attorney fees is warranted "due to Plaintiff's repeated attempts to continuously file unmeritorious and frivolous claims against Parker-Hannifin despite its previous dismissal from the case." (Doc. 40 at 7).

Parker Hannifin's request for fees relies on the mistaken notion that Parker Hannifin was

2

dismissed from the case at the time plaintiff filed his amended complaint. While the October 19, 2009 Report recommended that the complaint against Parker Hannifin be dismissed, the recommendation did not become final until adopted by Chief Judge Dlott on November 18, 2009. (Doc. 36). Plaintiff's amended complaint against Parker Hannifin which was filed in the interim was completely appropriate under the Federal Rules of Civil Procedure.

Under former Rule 15(a)(1)(A), Fed. R. Civ. P., "a party may amend its pleading once as a matter of course before being served with a responsive pleading."[1] A motion to dismiss, however, is not a "responsive pleading" within the meaning of Rule 15(a). *See Youn v. Track, Inc.*, 324 F.3d 409, 416 n. 6 (6th Cir. 2003); *Lycan v. City of Lebanon*, 213 F.R.D. 305, 306 (S.D. Ohio 2002) (Spiegel, J.); *Mills v. Mills*, 790 F. Supp. 172, 174 (S.D. Ohio 1992) (Rubin, J.). Accordingly, in the absence of the filing of an answer by Parker Hannifin, plaintiff was entitled to amend his complaint once as a matter of course without leave of court. *Id.* His filing of an amended complaint in this case does not justify an award of attorney fees to Parker Hannifin for the reasons it asserts. Therefore, Parker Hannifin's request for attorney fees should be denied.

---

[1] The Court notes that the 2009 amendments to the Federal Rules of Civil Procedure, effective December 1, 2009, places a 21 day time limit on filing an amended complaint "as a matter of course" once a motion to dismiss has been filed. *See* Fed. R. Civ. P. 15(a)(1)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Parker Hannifin's motion to dismiss plaintiff's amended complaint (Doc. 40) be **GRANTED**.

2. Defendant Parker Hannifin's motion for attorney fees (Doc. 40) be **DENIED**.

Date: 3/30/10

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

REGINALD HIGGINS, SR.,           Civil Action No. 1:09-cv-228
     Plaintiff,                                 Dlott, J.
                                                       Hogan, M.J.
     vs.

VITRAN EXPRESS, et al.,
     Defendant

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Reginald D. Higgins, Sr.<br>963 Francisco St.<br>Cinti, OH 45206 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8169 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:09 cv 228 Docs. 44, 45, 46